JOHN  J.  McNULTY,  PLAINTIFF-APPELLANT,  v.  DENNIS O'CONNELL, DEFENDANT-RESPONDENT.

Submitted May 14, 1926—Decided March 15, 1927.

Conveyances—Leases—Meaning of Words "More or Less"—Appellant Leased Land Where These Words Were Used—He Built Thereon a Temporary Structure and Found He Had Encroached Upon Land of an Adjoining Owner—Held, That No Abatement For Lease can be Enforced.

On appeal from the First District Court of the city of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Abraham Alboum.*

For the respondent, *Howe & Davis.*

PER CURIAM.

This is an appeal by the plaintiff below from a judgment of nonsuit rendered by the First District Court of the city of Newark. The suit was instituted to recover the taxed costs of a suit in the Court of Chancery and damages growing out of the expenditure of money for the removal of a part of a building, which the plaintiff thought had been located on the land of the defendant below, but, in fact, had been built in part upon the land of others, namely, Grazulla Vacca and Felice Vacca. The following are the facts: On March 23d,

1923, Dennis O'Connell leased to Eli Markus and John J. McNulty a parcel of land which was part of a property known as 169 Eagle Rock avenue. In the lease the dimentions of the parcel leased were given as eight feet four inches, more or less, by one hundred feet, more or less. Later, Markus assigned his rights in the lease to McNulty. McNulty built a refreshments stand upon the property. The stand had a frontage of eight feet. It extended back about thirty odd feet. It subsequently developed that the parcel of ground leased only had a frontage of seven feet two and one-half inches. The lot was wider as it approached the rear line, but for twenty feet from the front the stand encroached upon the land of the Vaccas'. The Vaccas instituted proceedings in the Court of Chancery for the removal of that portion of the stand built upon their land and were successful in obtaining a decree. McNulty removed the encroachment and then began the present action against O'Connell, claiming that O'Connell was responsible for the loss which he had been subjected to in removing the encroachment upon the Vacca property. The trial court gave a judgment of nonsuit as has been stated.

The agreed state of the case was settled by the attorneys of the parties. It recites the facts above stated. It further states that the defendant moved for a nonsuit on the ground that the wording of the lease (referring to the words "more or less") established the rights of the parties and prevented recovery by the plaintiff. The court reserved decision and subsequently granted the defendant's motion for a nonsuit. The contention of the appellant is that this case falls within that class of cases where property has been conveyed by a description, more or less, and, subsequently, it has been found that there was a very considerable deficiency in the amount of land sold, and an allowance for the deficiency of land has been made. *Couse* v. *Boyles*, 4 *N. J. Eq.* 212, which was a suit for the foreclosure of a purchase-money mortgage. The land described was one hundred and thirty-five acres, more or less. A survey showed a difference of between twenty-two and thirty-four acres. In the case the court said:

"When land is sold as containing so many acres 'more or less,' if the quantity on an actual survey and estimation, either over-running or falling short of the contents named be small, no compensation should be recovered by either party. The words more or less must be intended to meet such a result. But if the variance be considerable, the party sustaining the loss should be allowed for it. And this rule should prevail where it arises from mistake only, without fraud or deception."

In the case of *Weart* v. *Rose*, 16 *N. J. Eq.* 290, a deficiency of six and twelve one hundredths acres, where the land was described as one hundred and fifteen acres, was held not to entitle the purchaser to an abatement in the price. These cases were between mortgagor and mortgagee. The present case is between lessor and lessee. We think the cases referred to are not a precedent for holding in the present case that the lessor should bear the loss sustained by the lessee. The defendant had guarded the description of the property by the words "more or less." It seems to us that it was the duty of the plaintiff under such circumstances to have proceeded cautiously and perhaps have had a survey made before proceeding to build. The plaintiff was apprised by the words "more or less" that the dimensions were not accurate. He acted as if the dimensions were accurate. This we think he had no right to do. He should be responsible for his mistake in assuming that the description was accurate.

The trial court, in finding as it did that the plaintiff was not entitled to recover, must have found, if it considered the argument advanced by the plaintiff, as we presume it did, that there was no substantial deficiency in the amount of ground leased. This was a finding of fact which will not be disturbed in this court if there be evidence to support it. *Duff* v. *Prudential Insurance Co.*, 90 *N. J. L.* 646. There was evidence to support it. The judgment below is affirmed, with costs.